## OHIO COURT CF APPEALS--Continued

### No. 564
#### MIKE CHESKO c. THERESIA CHESKO
Ohio Appeals, Ninth District, Summit County
No. 732.  Decided May 31, 1923

This opinion has not been published except in Abstract.

**DIVORCE and ALIMONY—Court justified in giving preference to evidence of certain witnesses.**

Funk, Pardee and Washington, JJ.

PER CURIAM.

Epitomized Opinion

Error, Common Pleas, Affirmed

In this case the Common Pleas granted a divorce to defendant on the ground of extreme cruelty and gave her the custody of the child and alimony.

If the trial court believed the evidence of certain witnesses in preference to the evidence of other witnesses, its decree was justified.

From the opinion of the court, which is part of the bill of exceptions, it is evident that the court come to the conclusion that the testimony of some of the witnesses was not worthy of credence.  The trial court had before it the witnesses and an opportunity to observe their demeanor upon the stand and judge of their credibility, and we cannot say from a reading of the Record that the court was not justified in ruling upon the testimony of certain witnesses in preference to that of other witnesses.

**Attorneys**—May & May, for Mike Chesko; Carl W. Myers, for Theresia Chesko.

### No. 565
#### BOYER & BAKER v. MAST
Ohio Court of Appeals, Ninth Dist., Summit County
No. 630.  Decided May 16, 1923

This opinion has not been published except in Abstract.

**CONTRACTS—Verdict not against weight of evidence—Error from admission of testimony uncorrectly corrected by subsequent evidence—Compromise verdict.**

Funk, Pardee and Washburn, JJ.

PER CURIAM.

Epitomized Opinion

Error Common Pleas Affirmed

This action was for damages for breach of a contract to build a house.  Three principal grounds of error were alleged by plaintiffs in error, to-wit:

(1) That the verdict is manifestly against the weight of evidence; (2) that the verdict is contrary to law; (3) improper admission of evidence by the trial court, over the objection of the plaintiff in error.  The Court of Appeals held:

1. That the points in dispute evolve, strictly, a jury issue, and that the jury could we'l find upon the evidence in favor of Mast and in so doing were not finding against the weight of the evidence.  Therefore the verdict is not manifestly against the weight of evidence.

2. In the trial court certain questions were permitted to be answered in regard to the damages that may not be technically correct, but any error that might have resulted therefrom was corrected by other questions asked and answered during the trial, and especiall by the charge of the court, where the rule as to determining the damages was correctly set forth.

3. The letter written to Mast by one of the plaintiffs, undoubtedly satisfied the jury as it has this court, that the real reason why Baker and Boyer did not proceed with the contract was because of the increase in the price of the construction of the building, and the jury found that Mast should not bear all of the burden of the loss and so compromised between the parties and returned the verdict they did.

The court finds no errors in the record prejudicial to plaintiffs in error and the judgment of the trial court is affirmed.

**Attorneys**—Commins, Brouse, Englebeck & McDowell, for Boyer & Baker; Herberich, Burroughs & Bailey, Contra.

### No. 566
#### JOHN SCHORGER v. KATHRYNE SCHORGER
Wayne County Court of Appeals, Ninth District
No. 753.  Decided May 25, 1923

This opinion has not been published except in Abstract.

**DIVORCE AND ALIMONY—Judgment sustained by evidence, and not to be reversed.**

PER CURIAM.

Epitomized Opinion

In Error; Common Pleas Affirmed

Kathryne Schorger commenced this action against John Schorger in the Common Pleas for divorce, alimony and settlement of their property rights.  Both parties asked for divorce.  Kathryne was granted the divorce, alimony and certain property.  Error is here brought by John Schorger, seeking a reversal of the judgment below on the ground of alimony alone which he claims is manifestly against the weight of evidence and contrary to law.  The Court of Appeals held:

That after having carefully read and considered the Record they find that the judgment of the court below is fully sustained by the evidence and that it wouldn't be warranted in reversing same.

**Attorneys**—Critchfield & Etling and A. D. Metz, for John Schorger; Weygandt & Ross, for Kathryne Schorger.

### No. 567
#### CHAPMAN v. BUCKEYE TIRE & SUPPLY CO.
Ohio Appeals, Ninth District, Franklin County
No. 1072.  Decided June 22, 1923

This opinion has not been published except in Abstract.

**RECEIVERSHIP—(1) Construction of receiver's authorization—(2) Buying on credit equivalent to borrowing.**

SAYRE, J.

Epitomized Opinion

Receiver of Buckeye Tire and Supply Company was authorized to continue business, to purchase material and stock, and to continue operation of the business on a cash basis.  He was not authorized to borrow money.  Receiver bought material and stock on credit.  The trial court held that creditors who sold to receiver on credit could not bind trust estate.  In affirming the judgment on appeal, the Court of Appeals held:

1. The receiver did not have authority to buy on credit.  Buying on credit is equivalent to borrowing and if receiver had no power to borrow, he had none to buy on credit.  224 Federal 289.

2. A person contracting with receiver is charged with notice of receiver's disability to contract, and makes a contract at his peril.

**Attorneys**—R M. Edwards, for Victor Rubber Co.; W. McE. Weldon. for Swinehart Co.; Watson, Stouffer & Davis, for Receiver.